955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Richard JASTRZEMBSKI, Defendant-Appellant.
 No. 91-5020.
 United States Court of Appeals, Tenth Circuit.
 Feb. 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Paul Jastrzembski appeals the sentence imposed by the district court. On appeal, Jastrzembski asserts that the district court erred in enhancing his sentence pursuant to Sentencing Guidelines § 2D1.1(b)(1). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 At the sentencing stage, we will not overturn the district court's factual findings unless they are clearly erroneous. United States v. Harris, 903 F.2d 770, 778 (10th Cir.1990). Jastrzembski contends that there was not sufficient evidence to enhance his sentence under Sentencing Guidelines § 2D1.1(b)(1). Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." Note 3 in the commentary to § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."
 
 
 4
 After reviewing the record, we cannot find that it was clearly improbable that the weapon was connected with the offense. During a presentence investigation interview, the defendant admitted that he knew that firearms were kept at the premises and that several of the defendants carried these firearms. A co-conspirator, Russ Burnett, stated that he had observed the defendant target practicing at the laboratory site on several occasions. In addition, another co-defendant, Michael McNeil, stated that it was common to see Jastrzembski carrying a pistol and that he was present when Jastrzembski was target practicing at the laboratory site. From this, and additional evidence, we agree with the district court's enhancement of the defendant's sentence under § 2D1.1(b)(1).
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3